UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISANDRA SANCHEZ,

    Plaintiff,

v.

EQUIFAX, LLC,

    Defendant.

Case No.:

## COMPLAINT

NOW COMES Plaintiff, LISANDRA SANCHEZ ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX, LLC ("EQUIFAX" or "Defendant"):

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Orange County, in the City of Orlando, in the State of Florida.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a company conducting business in the State

of Florida and is headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

12. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

15. Here, Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding four credit accounts that she had (the "Accounts") with Bloomingdale's, Macy's, Capital One, and TD Bank, inaccuracies found in the credit report published by Defendant. The following is a description of the inaccuracies and failures of Defendant to investigate and update its reporting of the Accounts in question:

### Facts Pertaining to the Bloomingdale's Account

16. Plaintiff's first account was with Department Stores National Bank - Bloomingdale's Credit Card ("Bloomingdale's).

17. Bloomingdale's employed Patrick A. Carey, PA to settle the payment of the Account. Upon information and belief, Patrick A. Carey, PA operated as an agent of Bloomingdale's.

18. On or about November 12, 2021, Plaintiff and Patrick A. Carey, PA entered into an agreement to settle the Bloomingdale's Account ending in 7732 for $2,150.00.

19. Per the terms of the settlement agreement with Patrick A. Carey, PA, Plaintiff made nine (9) payments of $180.00 and one (1) payment of $530.00, with the last and final payment on August 19, 2022, fully satisfying the settlement agreement and Account.

### Facts Pertaining to the Macy's Account

20. Plaintiff's second account was with Department Stores National Bank - Macy's Credit Card ("Macy's").

21. Macy's employed Phillips & Cohen Associates, Ltd. to settle the payment of the Account. Upon information and belief, Phillips & Cohen Associates, Ltd. operated as an agent of Macy's.

22. On or about January 15, 2021, Plaintiff and Phillips & Cohen Associates, Ltd. settled the Macy's Account ending in 9189 for $2,547.00.

23. Per the terms of the settlement agreement with Phillips & Cohen Associates, Ltd., Plaintiff made six (6) payments of $424.50, with the last and final payment on June 26, 2021, fully satisfying the settlement agreement and Account.

### Facts Pertaining to the Capital One Account

24. Plaintiff's third account was with Capital One, N.A. - Kohl's, Inc. ("Capital One").

25. Capital One employed AvanteUSA, Ltd. to settle the payment on the Account. Upon information and belief, AvanteUSA, Ltd. operated as an agent of Capital One.

26. On or about May 20, 2021, Plaintiff and AvanteUSA, Ltd. settled the Capital One Account ending in 3006 for $610.78.

27. Per the terms of the settlement agreement with AvanteUSA, Ltd., Plaintiff made one (1) payment of $610.78, with the last and final payment on May 24, 2021, fully satisfying the settlement agreement and Account.

### Facts Pertaining to the TD Bank Account

28. Plaintiff's fourth account was with TD Bank USA, N.A. - Nordstrom Credit Card ("TD Bank").

29. TD Bank employed Jefferson Capital Systems, LLC to settle the payment of the Account. Upon information and belief, Jefferson Capital Systems operated as an agent of TD Bank.

30. On or about June 15, 2021, Plaintiff and Jefferson Capital Systems, LLC entered into an agreement to settle the TD Bank Account ending in 8488 for $10,123.32.

31. Per the terms of the settlement agreement with Jefferson Capital Systems, LLC, Plaintiff made twelve (12) payments of $843.61, with the last payment on May 24, 2022, fully satisfying the settlement agreement and Account.

## Facts Pertaining to the Dispute

32. On April 1, 2024, Plaintiff received a copy of her credit report from EQUIFAX.

33. To her surprise, despite Plaintiff's performance under the terms of the respective settlement agreements with Patrick A. Carey, PA, Phillips & Cohen Associates, Ltd., AvanteUSA, Ltd., and Jefferson Capital Systems, LLC, Defendant EQUIFAX reported inaccurate information regarding Plaintiff's Accounts with Bloomingdale's, Macy's, Capital One, and TD Bank.

34. Specifically, EQUIFAX reported the Account statuses as "CHARGE_OFF"[1] and failed to include accurate payment histories of the payments Plaintiff made in satisfaction of all four Accounts.

---

[1] According to EQUIFAX, "Charge-Off" means "the lender or creditor has written the account off as a loss, and the account is closed to future charges. It may be sold to a debt buyer or transferred to a collection agency." https://www.equifax.com/personal/education/credit/report/articles/-/learn/charge-offs-faq/#:~:text=What%20does%20%E2%80%9Ccharge%2Doff%E2%80%9D,transferred%20to%20a%20collection%20agency.

6

35. Further, the credit report showed "CO" ratings ("CO" meaning "Charge-Off") on the Bloomingdale's, Macy's, and TD Bank Accounts for several months after the Accounts were paid and settled.

36. EQUIFAX's failure to report the Accounts correctly, failure to report the accurate Account statuses, and failure to accurately report the payment histories of all four Accounts harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

37. On April 5, 2024, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on all four Accounts.

38. In her dispute letter, Plaintiff disputed the incorrect entries in her credit report regarding the Accounts' statuses and the inaccurate payment histories of the Accounts that improperly reflect her settlement payments. Plaintiff also included proof of the agreements between herself and Patrick A. Carey, PA, herself and Phillips & Cohen Associates, Ltd., herself and AvanteUSA, Ltd., and herself and Jefferson Capital Systems, LLC. Plaintiff also included proof of the payments made in satisfaction of the agreements.

39. Upon information and belief, pursuant to its obligations under the FCRA, EQUIFAX notified Bloomingdale's, Macy's, Capital One, and TD Bank of Plaintiff's dispute within five days of receipt of the dispute.

40. Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in her dispute letter to Bloomingdale's, Macy's, Capital One, and TD Bank, including the terms of each respective settlement and proof of the respective payments.

41. Despite her very specific dispute and accompanying documents supporting her dispute, EQUIFAX's second report, received by Plaintiff on May 23, 2024, reiterated similar inaccuracies regarding all four Accounts.

42. This credit report corrected the "CO" ratings on each of the Accounts, but continued to inaccurately report the Account statuses as "CHARGE_OFF" on all four Accounts.

43. At the time of filing this complaint, EQUIFAX continues to report all four Accounts inaccurately, and inaccurately reports the payment history of all four Accounts.

44. Upon information and belief, EQUIFAX continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letter.

45. Further, after receiving Plaintiff's dispute concerning the inaccurate information of all four Accounts, EQUIFAX is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

46. If EQUIFAX had complied with its statutory duties, incorrect information concerning all four Accounts would not have been reported despite notice from Plaintiff.

47. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

48. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

49. Because of her concern over the effects Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-49.

51. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

52. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

53. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. EQUIFAX's conduct, action, and inaction was willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

57. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-49.

58. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

59. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

60. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. EQUIFAX's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 01/31/2025         Respectfully submitted,

                 */s/ Jason S. Weiss*
                 Jason S. Weiss
                 Florida Bar No. 0356890
                 **WEISS LAW GROUP, P.A.**
                 5531 N. University Drive, Suite 103
                 Coral Springs, FL 33067
                 Tel: (954) 573-2800
                 E: jason@jswlawyer.com

                 *Attorneys for Plaintiff,*
                 LISANDRA SANCHEZ